UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAMERA LESLIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-02873-SEB-MJD |
| | ) |
| HOOTERS OF AMERICA, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS OR STAY (Dkt. 11)**

Plaintiff sued Defendant, her former employer, under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act (ADEA), and 42 U.S.C. § 1983. Dkt 1. Before the Court is Defendant's *Motion to Dismiss or Stay Pending Arbitration*. Dkt 11. Plaintiff opposes the motion, contending that there is no enforceable arbitration agreement. Dkt. 14. For the reasons below, Defendant's motion is GRANTED in part and DENIED in part.

## Analysis

The Federal Arbitration Act (FAA) provides as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]

1

9 U.S.C. § 3. The FAA also authorizes orders compelling arbitration upon proper application. *Id.* § 4. "Thus, if one party to a contract containing an arbitration clause attempts to avoid arbitration and files suit in the district court, the other party may move to stay or dismiss the action on the ground that the FAA requires the arbitration clause of the contract to be enforced." *Volkswagen of Am., Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 970 (7th Cir. 2007). If the arbitration agreement is valid and the issues presented by the complaint come within its terms, "the court has no further power or discretion . . . but must order arbitration" and stay or dismiss the action. *Id.* at 971 (quoting *Merit Ins. Co. v. Leatherby Ins. Co.*, 581 F.2d 137, 142 (7th Cir. 1978)).

Plaintiff contends that the arbitration agreement she executed is invalid under the law of Indiana because it is unconscionable. Pl.'s Resp. Br. 3. We disagree. A contract is unconscionable if it is one "such as no sensible man not under delusion, duress or in distress would make, and such as no honest and fair man would accept." *Sanford v. Castleton Health Care Ctr., LLC*, 813 N.E.2d 411, 417 (Ind. Ct. App. 2004).

Plaintiff points to the fact that her employment with Defendant was conditioned on her adherence to the arbitration agreement, presenting her with "a 'take it or leave it' option." Pl.'s Resp. Br. 4. But "[a]n adhesion contract—i.e., a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it—is not per se unconscionable." *Sanford*, 813 N.E.2d at 417 (quotations and citation omitted). Plaintiff may not avoid the arbitration agreement merely by (correctly) insisting on its adhesive character.

2

Plaintiff points next to the fact that her bargaining power and sophistication in bargaining are far exceeded by Defendant's. Pl.'s Resp. Br. 4. That may be so, but inequality of bargaining power is implicit in any adhesion contract, without rendering such contracts invalid. *Sanford*, 813 N.E.2d at 417. In any event, "[a] contract is not unenforceable merely because one party enjoys advantages over another." *Id.* Rather, the inequality must be so great that "the weaker party is made to sign a contract unwillingly or without being aware of its terms." *Missler v. State Farm Ins. Co.*, 41 N.E.3d 297, 303 (Ind. Ct. App. 2015) (quotations and citation omitted). Plaintiff has not shown, and we cannot perceive, grounds to conclude that she was made to sign the arbitration agreement unwillingly or unwittingly.

Plaintiff does not contend that the issues presented by her complaint are not arbitrable under the terms of the arbitration agreement. Her silence on this point is well taken. *See* Dkt. 12 Ex. A, at 5 (arbitration agreement covers "any and all disputes . . . which relate in any manner whatsoever as to [*sic*] [Plaintiff's] employment, including but not limited to . . . claims or charges based upon . . . [the ADEA], [Title VII], and any other civil rights statute[.]").

## **Conclusion**

Plaintiff's claims are subject to a valid arbitration agreement. Accordingly, Defendant's motion to dismiss is DENIED; Defendant's motion to stay pending arbitration is GRANTED.

The Clerk of Court shall administratively close this action. All pending deadlines are VACATED and any pending motions are DENIED as moot, unless and until they are

3

reasserted following the completion of arbitration and the re-opening of this litigation. Parties may seek to reopen the case by filing a joint status report thirty (30) days after the conclusion of arbitration.

**IT IS SO ORDERED.**

Date: 12/28/2017

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Zachary A. Ahonen
JACKSON LEWIS PC (Indianapolis)
zachary.ahonen@jacksonlewis.com

Scott Allen DeVries
DEVRIES LAW OFFICE
sdevries@devries-law.com

Dorothy D. Parson
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
Dorothy.McDermott@jacksonlewis.com

Rachelle N. Ponist
PONIST LAW LLC
rachelle@ponistllc.com